UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RODEL SARANGLAO MANIMTIM,**

    Plaintiff,

v.                                                                    Case No.:  3:25-cv-486/MCR/ZCB

**MARK RUBIN,**

    Defendant.
_____/

**ORDER**

    The Magistrate Judge issued a Report and Recommendation, recommending the dismissal of this suit at the screening phase.  ECF No. 6.  The Court furnished the Plaintiff a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The Court has made a *de novo* determination of all timely filed objections.  *See* ECF No. 7.

    Having considered the Report and Recommendation and the timely filed objections, the Court agrees that *Younger* abstention is appropriate as to claims for equitable relief.  Despite Plaintiff's argument that no state court "case" is currently pending, the complaint alleges that he has been found in contempt and is under threat of incarceration if he does not pay the arrearages.  In these circumstances, the state

child support courts have active oversight over the arears underlying this suit and substantial state interests exist sufficient to invoke *Younger*, as in *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1548 (11th Cir. 1996) (concluding there was a state court proceeding because the plaintiffs could be brought "before the court for civil contempt for any child support arrearage").

    Additionally, the Court rejects Plaintiff's argument that the Magistrate Judge failed to consider his individual capacity claims. As discussed in the Report and Recommendation, the claims for damages are based on Defendant's conduct as a state court child support officer, duties that are functionally comparable to the responsibilities of a judge. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (stating "judicial immunity is extended to officials other than judges [if] their judgments are functionally comparable to those of judges") (internal alterations accepted and internal quotations omitted). And judicial absolute immunity applies to all actions of a judicial officer within their judicial jurisdiction, whether based on individual or official capacity. *See Stevens v. Osuna,* 877 F.3d 1293, 1308 (11th Cir. 2017) (applying absolute immunity as protecting an immigration judge from damages for claims alleging both official and individual capacity conduct). The allegations show that Defendant was acting within his judicial capacity and not in the absence of all jurisdiction. Also, the Court agrees with the Magistrate Judge that

there was an opportunity for substantive review, and the official capacity claims are claims against the state, which has sovereign immunity.  Therefore, the Report and Recommendation will be adopted.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 6, is adopted  incorporated by reference in this Order.

2. Plaintiff's complaint, ECF No. 1, is **DISMISSED** under the *Younger* abstention doctrine and because it seeks relief from an immune party.

3. All pending motions are **DENIED as moot**.

4. The Clerk of Court is directed to close the case.

**DONE AND ORDERED** this 20th day of January 2026.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**